# IN THE UNITED STATES DISTRICT COURT
# OF THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| LINDA A. BURLESON | § | |
| VS. | § | CIVIL ACTION NO. 5:07cv69 |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | § | |

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Substituted Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. The Commissioner filed objections to the Substituted Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

After initially finding that the Commissioner's final decision denying disability was in accordance with the applicable legal standards and supported by substantial evidence of record, the undersigned vacated her recommendation and entered a Substituted Report and Recommendation recommending this case be reversed and remanded. In the Substituted Report, the undersigned found it was not clear Plaintiff's lumbar pain can be reasonably controlled by epidural steroidal injections, and the Administrative Law Judge ("ALJ") should have re-contacted Plaintiff's treating physician, Dr. Flores, before rejecting his less than sedentary residual functional capacity recommendation. The Commissioner objects to the Magistrate Judge's recommendation that Plaintiff's above-entitled and

numbered social security cause of action be reversed and remanded.

First, the Commissioner argues the Magistrate Judge failed to consider its arguments that Plaintiff had waived all of her stated issues by failing to substantively develop them in her initial brief. *See Bursztajn v. United States*, 367 F.3d 485, 491 (5th Cir. 2004)(issues not briefed are abandoned, and failure to provide legal or factual analysis of an issue results in waiver). The Commissioner objects to the Magistrate Judge's failure to address this issue and maintains that Plaintiff has yet to substantively and factually develop any of her arguments. Second, the Commissioner asserts the Magistrate Judge's opinion regarding Plaintiff's lumbar pain is based upon an uncritical acceptance of Plaintiff's subjective allegations, a credibility finding the ALJ did not make. The Commissioner asserts the objective record does not document pain that was constant, unremitting, and wholly unresponsive to therapeutic treatment, and the subjective evidence should not take precedence over the medical evidence.

Finally, the Commissioner objects to the Magistrate Judge's opinion that the ALJ should have re-contacted Dr. Flores before rejecting his less than sedentary residual functional capacity recommendation. According to the Commissioner, Dr. Flores' opinion was clear but unsupported when compared to the record; thus, there was no need to re-contact Dr. Flores as the record was sufficiently developed for the ALJ to have made his disability determination.

Regarding the Commissioner's first objection, the Court disagrees that Plaintiff failed to substantively develop her arguments. Although Plaintiff's brief could have been more detailed and thorough in its presentation of the evidence, the Court finds the brief adequately developed Plaintiff's arguments. Regarding the Commissioner's second objection, the Court is not convinced the May 2004 epidural injections provided Plaintiff relief from her lumbar pain. Without such relief,

Plaintiff's lumbar pain may be considered constant, unremitting, and wholly unresponsive to therapeutic treatment as alleged by Plaintiff. Regarding the Commissioner's final objection, the Court finds further evaluation is necessary regarding Plaintiff's residual functional capacity. To the extent re-contacting Dr. Flores regarding his residual functional capacity recommendation aids the ALJ in his reevaluation, the Court finds it is proper for the ALJ to do so.

After reviewing the transcript, the briefs of the parties, and the Report and Recommendation, the Court finds the Commissioner's objections are without merit. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Substituted Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that the above-entitled Social Security action is **REVERSED and REMANDED**.

**SIGNED this 19th day of February, 2009.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE